IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-19-00180-PRW |
| | ) | |
| ALFORD T. LENNOX, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant Alford T. Lennox's Motion for Early Termination of Supervised Release (Dkt. 49), filed on March 21, 2023, pursuant to 18 U.S.C. § 3583(e)(1). The United States responded (Dkt. 52) and advises that it does not object to Lennox's motion. For the reasons explained below, the motion (Dkt. 49) is **GRANTED**.

After considering the applicable factors in 18 U.S.C. § 3553(a), a court may terminate supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[1] The applicable factors include "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need . . . to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective

---

[1] 18 U.S.C. § 3583(e)(1).

1

manner"; "the kind of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing Commission] guidelines"; "any pertinent policy statement . . . issued by the Sentencing Commission"; "the need to avoid unwarranted sentence disparities" among similarly situated defendants; and "the need to provide restitution to any victims of the offense."[2]

After Lennox pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), the Court sentenced him to twenty-four months' imprisonment followed by two years' supervised release. Lennox's two-year term of supervised release began on December 7, 2021. The United States' response notes that, since December 2021, Lennox has had only one minor violation; he left the district without pre-approval from the U.S. Probation Office, the issue was "promptly addressed," and "there have been no further issues or instances of non-compliance."[3] Lennox has no convictions for crimes of violence or use of force against another, he did not have any disciplinary infractions while incarcerated, he has not missed a single drug test or tested positive for use of any controlled substance, he is self-employed in the entertainment industry, he has maintained a stable residence, and his supervising officer notes that Lennox has a positive support system. The

---

[2] 18 U.S.C. § 3583(e); 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7).

[3] United States' Resp. (Dkt. 52), at 2.

Court agrees with the United States that Lennox "has made positive changes in his life and that he is on a positive trajectory."[4]

Considering these facts and the applicable factors in § 3553(a), the Court "is satisfied that [terminating Lennox's term of supervised release] is warranted by [his] conduct . . . and the interest of justice."[5] The Court thus **GRANTS** Lennox's motion (Dkt. 49) and **TERMINATES** his term of supervised release.

**IT IS SO ORDERED** this 11th day of May 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] *See id.* at 4.
[5] 18 U.S.C. § 3583(e)(1).